UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:26-cv-21147-XXXX

JAN CARLOS PIMENTEL,
individually and on behalf of all
those similarly situated,

    *Plaintiff*,

v.

YZ FINANCIAL SERVICES AND
INSURANCE, LLC,

    *Defendant,*
_____/

**DEFENDANT, YZ FINANCIAL SERVICES AND INSURANCE, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, YZ FINANCIAL SERVICES AND INSURANCE, LLC ("YZ"), by and through the undersigned counsel, hereby moves the Court to dismiss Plaintiff's Complaint without prejudice, and in support states:

**LEGAL STANDARD**

A motion to dismiss challenges the legal sufficiency of the facts alleged in a complaint. Fed. R. Civ. P. 12(b)(6). The district courts have a "supervisory obligation" to ensure that complaints comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). This obligation requires district courts to dismiss complaints where a plaintiff fails to link their claims to the relevant factual predicates upon which those claims are premised with sufficient clarity and specificity. *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008).

While the Court accepts all well-pled facts as true to determine whether the complaint states a plausible claim for relief, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Aschcroft v. Iqbal*, 556 U.S. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading's short and plain statement of the claim must articulate "enough facts to state a claim to relief that is plausible on its face," and *a* court must dismiss a complaint where a plaintiff fails to bring their "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted); *see also Am. Fed'n of Labor & Congress of Indus. Org. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (finding that while "notice pleading does not require a plaintiff to specifically plead every element of his cause of action, a complaint must still contain enough information regarding the material elements of a cause of action").

## **ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff's Complaint is brought pursuant to 47 U.S.C. § 227 a/k/a the Telephone Consumer Privacy Act of 1991 (the "TCPA"). The Court should dismiss Plaintiff's Complaint without prejudice because the Complaint does not provide the Plaintiff's phone number, nor does it establish a sufficient factual context with which to otherwise identify the phone calls alleged therein.

### I. **Courts Require TCPA Complaints to Include the Plaintiff's Phone Number or a Sufficient Factual Context to Give Notice of Claim**

TCPA complaints should generally include the plaintiff's phone number because a defendant "cannot check the files of the intended recipient of the calls . . . [without the plaintiff's] cell phone numbers," and such absence fails to "give[] the defendant fair notice of what the . . .

claim is and the ground upon which it rests. *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012). The provision of the phone number, or even a partially redacted phone number, is critical because the Complaint must allow YZ to "be able to identify those calls which form the basis for its potential liability." *See Mendez v. Optio Sols., LLC*, 219 F. Supp. 3d 1012, 1015 (S.D. Cal. 2016) (finding that the mere allegation that the plaintiff received the unwanted calls does not replace the providing the phone number in question).

While courts do not strictly require the presence of phone numbers in TCPA complaints, such respective absence is excused only where the Complaint sufficiently alleges a factual context of the alleged violatory phone calls, including the date such calls were made or facts demonstrating that numerous other persons received the same calls. *Thomas v. Peterson's Harley Davidson of Miami, L.L.C.*, 363 F. Supp. 3d 1368, 1371–72 (S.D. Fla. 2018) (citing *Buslepp v. Improv Miami, Inc.*, No. 12-60171-CIV, 2012 WL 1560408, at *1 (S.D. Fla. May 4, 2012)). Otherwise, the plaintiff's bare allegations would not "provide sufficient notice to [the] [d]efendant to answer the complaint." *Thomas*, 363 F. Supp. 3d at 1372; *see also Ben Davis v. CR Fitness Holdings*, LLC, No. 8:23-CV-2333-SDM-AEP, 2024 WL 6957586, at *1 (M.D. Fla. May 17, 2024) (excusing the absence of a cell phone number only because the complaint "sufficiently identifies the day and time of the alleged call, the length of the call, the full name of the recipient, and the contents of the message").

II. **Plaintiff's Complaint does not Include the Plaintiff's Phone Number or a Sufficient Factual Context**

Here, the Complaint does not include the Plaintiff's phone number. Although the Complaint states that the Plaintiff uses the phone number allegedly contacted by YZ, *see* Compl. at ¶15, this is not an adequate substitution for providing Plaintiff's actual phone number such number is deemed necessary. *See Mendez*, 219 F. Supp. 3d at 1015. The establishment of Plaintiff's

phone number in the Complaint is necessary because the remaining allegations of the Complaint fail to set forth a sufficiently specific factual context that would enable YZ to properly respond to the Complaint. The Complaint only sets forth two calls, one at an undisclosed time on September 30, 2025, and another at 09:44 on an undisclosed date. *See* Compl. at ¶12. Both calls are missing critical information, either the date or time, to properly establish their factual background. Even assuming that the September 30, 2025 call was sufficiently established, which is not, the TCPA requires that Plaintiff demonstrate the existence of "more than one telephone calls" at issue; the other call that has no identifiable date is so inadequate that it cannot be considered for the purpose of establishing a TCPA violation. *See* TCPA at § 227(c)(5).

Accordingly, the lack of adequate factual context surrounding the two alleged phone calls in question render the inclusion of Plaintiff's phone number necessary to enable YZ to respond to the Complaint. The Court should therefore dismiss the Complaint without prejudice.

**WHEREFORE**, Defendant, YZ FINANCIAL SERVICES AND INSURANCE, LLC, respectfully requests that the Court grant the instant Motion to Dismiss Plaintiff's Complaint, and for any further relief that the Court deems just, equitable, and proper.

Respectfully submitted,

**TREMBLY LAW FIRM**
*Counsel for Defendant*
9700 South Dixie Highway, PH 1100
Miami, Florida 33156
Telephone: (305) 431-5678

By: *Jonathan Carvajal*
**JONATHAN D. CARVAJAL, ESQ.**
Florida Bar No. 121485
E-Mail: jonathan@tremblylaw.com
E-Mail: service2@tremblylaw.com
**CHRISTIAN E. RODRIGUEZ, ESQ.**
Florida Bar No. 83405
E-Mail: christian@tremblylaw.com

E-Mail: service2@tremblylaw.com
**MITCHELL J. KOCH, ESQ.**
Florida Bar No. 1055390
E-Mail: mitchell@tremblylaw.com
E-Mail: service2@tremblylaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 20, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*Jonathan Carvajal*
**JONATHAN D. CARVAJAL, ESQ.**